UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

RICHARD W. MORIN,                    )
                                     )
    Plaintiff,                       )
                                     )
v.                                   ) Civil No. 2:10-cv-00253-DBH
                                     )
COMMISSIONER, MAINE DEPARTMENT       )
OF CORRECTIONS, et al.,              )
                                     )
    Defendants                       )

## RECOMMENDED DECISION
### and
## ORDER

Richard Morin has brought a lawsuit against the Commissioner of the Maine Department of Corrections and a number of individuals at the Maine Correctional Institute in Windham and the Maine State Prison complaining about a variety of prison conditions including his housing assignments, his access to mental health groups, the recreational facilities, the educational programs, and the general quality of medical care he has received. Included among the defendants were five employees of Correctional Medical Services who had apparently rendered some medical care and treatment to Morin during his imprisonment. On July 23, 2010, I issued an Order to Show Cause giving Morin an opportunity to file an amended complaint that would explain why the four medical doctors and the health care administrator were named as defendants in the original complaint. (Doc. No. 12). Morin has responded to that order by filing a motion to amend his complaint (Doc. No. 24), accompanied by numerous exhibits including copies of six grievances filed pursuant to the prison grievance policy. He has added the names of six new defendants, all of whom appear to be correctional officers and not directly involved in

frontline medical decisions or treatment. It appears that some of the new defendants have had something to do with Morin's grievances, but the facts are simply not set forth in the complaint itself. The addition of these six new defendants does nothing to assist with the development of the medical claims against Ken Topel, Ryan Herrington, Dr. Campbell, Dr. Stockwell, and Dr. Gramse.[1] The Order to Show Cause and accompanying invitation to file an amended complaint were addressed solely to the issues relating to the five defendants I have listed who are not represented by the Assistant Attorney General and who presumably are employed by Correctional Medical Services. CMS has never been served because the original complaint against them did not pass preliminary screening under 28 U.S.C. § 1915A, as explained in my Order to Show Cause (Doc. No. 12). If Morin seeks to amend his complaint in some other regard to add other new correctional defendants, he will have to file another motion and the defendants' attorney will be given a chance to respond. Once more I caution Morin that he cannot simply add names to his complaint and submit copies of grievances to this court. For each defendant he names Morin must include within his written complaint some factual detail about the unconstitutional acts he claims that particular defendant committed. Generally referencing "medical staff" does not equate with constitutional liability for these named defendants.

The current motion to amend is DENIED. The proposed amended complaint provides no new facts concerning what each of these individual medical defendants may have done regarding any violation of Morin's constitutional rights. Simply quoting Supreme Court precedent regarding deliberate indifference does not state a claim against individual people. The proposed

---

[1] Nurse Practitioner "Hope" LNU is also listed as a defendant in the proposed amended complaint and is not designated a "new" defendant. She was not named in the original complaint and I can find nothing in it or the proposed amended complaint that would indicate why she should be named as a defendant in this case. Hope is mentioned in Grievance # 6 as one of the medical care providers who met with Morin.

amended complaint, when read in conjunction with the copies of six grievances, appears to mention three of the medical defendants, but provides little insight into what they are alleged to have done. Grievance # 2, (Doc. 24-2) mentions Ken Topel and Dr. Campbell as having disregarded Morin's safety in connection with the presence of a "level 3 enemy" of Morin's apparently housed somewhere in same prison. This fact gave rise to Morin's refusal to have surgery, apparently because he believed he would not be protected from this enemy. Other than having reported his concerns to Topel and Campbell, Morin's complaint does not reveal how they would have had any involvement in this scenario concerning where Morin was to be housed. Grievance # 6 (Doc. 24- 6) mentions Topel again and Dr. Harrington[2] and complains about medical treatments that Morin received, primarily relating to the failure to prescribe the pain remedies Morin sought. The grievance does not suggest that Harrington refused to treat Morin's condition, only that Morin did not agree with the medical treatment he received. Although disallowing the motion to amend, I have considered these potential allegations against the medical personnel in fashioning my recommended decision.

I now recommend that Ken Topel, Ryan Herrington, Dr. Campbell, Dr. Stockwell, and Dr. Gramse be dismissed as defendants in this case and that judgment enter on their behalf prior to service of the complaint pursuant to 28 U.S.C. § 1915A(b)(1) because the complaint, even after Morin was given an opportunity to amend it, fails to contain sufficient factual allegations so as to state a claim against any of these individuals. I apply the United States Supreme Court's <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S. Ct. 1937 (2009) to these allegations in reaching my conclusion. In <u>Iqbal</u> the court summarized: "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" 129 S. Ct. at 1949. It reiterated, "the pleading standard Rule 8 announces

---

[2] This name also appears as Dr. Herrington. I am unsure of the correct spelling.

3

does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 , 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S., at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

As best I can make out from the complaint, Morin seeks to sue these doctors and the health administrator based upon their alleged deliberate indifference to his serious medical needs. Morin has alleged that he has a serious medical condition involving his hips, accompanied by surgeries dating back to the late 1990's. However, he has not alleged how these particular medical professionals were "deliberately indifferent" to that serious medical condition. He has been seen regularly by the medical personnel and they have prescribed various medications and attempted to do medical tests, apparently even trying to schedule a surgery which he refused. His complaint is devoid of content as to how the medical professionals' authority related to his being housed in the same facility as a "level 3 enemy" and his complaints about medical care center around his disputes with the doctors over the course of treatment they followed, which did not involve giving Morin every pain medication he sought. Morin believes that additional items such as another mattress and a bolster pillow would have helped his pain, but Dr. Harrington told Morin it was "not within his power to issue what [he] asked for." (Doc. No. 24-6, Grievance No. 6, p. 7). Drs. Stockwell and Gramse are simply identified by name and employment. Dr. Campbell is identified as involved in the "level 3 enemy" discussion. Ken Topel was the recipient of Grievance # 6 and apparently did not resolve the grievance to Morin's satisfaction.

As a prisoner in a correctional facility Morin is entitled to "the minimal civilized measure of life necessities," Wilson v. Seiter, 501 U.S. 294, 298 (1991) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)), and the denial of necessary medical care can arise to the level of an Eighth Amendment violation, see generally Farmer v. Brennan, 511 U.S. 825 (1994); Estelle v. Gamble, 429 U.S. 97 (1976). "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Estelle, 429 U.S. at 104 (citation omitted). However, negligence and medical malpractice are not actionable. Daniels v. Williams, 474 U.S. 327 (1986) (noting that 42 U.S.C. § 1983 provides a right of action for civil rights violations and cannot be used to sue correctional officials for negligence); accord Estelle, 429 U.S. at 105-06. Simply because Morin disagrees with the medical care provided by these doctors, he cannot sue them for violating his constitutional rights.

**Conclusion**

Based upon the foregoing, the Motion to Amend is denied. Morin having failed to show cause why the complaint should not be dismissed as to the medical defendants, I now recommend that Ken Topel, Ryan Herrington, Dr. Campbell, Dr. Stockwell, and Dr. Gramse be dismissed from this case and that the matter proceed only as to the correctional department defendants.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

August 19, 2010 /s/ Margaret J. Kravchuk
U.S. Magistrate Judge