UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RICHARD W. MORIN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:10-cv-253-DBH |
| | ) | |
| COMMISSIONER, MAINE DEPARTMENT | ) | |
| OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants | ) | |

## RECOMMENDED DECISION

This case was filed by Richard Morin on June 21, 2010, almost one year ago. Since that time a portion of his complaint directed at the medical defendants from Correctional Medical Services has been dismissed and his request for preliminary injunctive relief has been denied. (See, Order Affrm. Rec. Dec. & Den. Prelim. Inj. Relief, Doc. No. 32.) Morin claims the general conditions of the Multi-Purpose Unit of the Maine Correctional Center (MCC) where he was housed as an inmate from March 17, 2010, until October 14, 2010, violated his constitutional rights under the First, Sixth, Eighth and Fourteenth Amendments. Morin named the Commissioner for the Maine Department of Corrections, the Superintendant of MCC, and several other officials and employees of MCC as defendants, and requested equitable relief as well as compensatory and punitive damages.

Since the filing of his complaint, Morin was transferred to the Downeast Correctional Facility on October 14, 2010. Morin has not communicated with the court since February 1, 2011, when he filed a copy of his written settlement demand with the court. (Doc. No. 37.) The written settlement demand is not normally filed with the court pursuant to the terms of the scheduling order. According to Morin's settlement demand, as of February of this year, he continued to seek injunctive relief on behalf of other prisoners at the Multi-Purpose Unit of the Maine Correctional Center, reiterating his

concerns regarding educational, religious, mental health and substance abuse programming at that facility. Morin also demanded compensatory damages for his pain and suffering and mental anguish.

The remaining defendants, consisting of state correctional officials and front line corrections officers, have now moved for summary judgment. (Doc. No. 42.) Morin has failed to respond to their motion.

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant[s are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). I draw all reasonable inferences in favor of Morin, but where he bears the burden of proof, he "'must present definite, competent evidence' from which a reasonable jury could find in [his] favor." United States v. Union Bank For Sav. & Inv. (Jordan), 487 F.3d 8, 17 (1st Cir. 2007) (quoting United States v. One Parcel of Real Prop., 960 F.2d 200, 204 (1st Cir. 1992)).

Morin has not presented any evidence in defense of the motion for summary judgment. However, this court,

> may not automatically grant a motion for summary judgment simply because the opposing party failed to comply with a local rule requiring a response within a certain number of days. Rather, the court must determine whether summary judgment is "appropriate," which means that it must assure itself that the moving party's submission shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Advisory Committee Note to Rule 56 ("Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented.").

NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 -8 (1st Cir. 2002). Although Morin is provided some latitude as a pro se litigant, he must still defend his action within the context of the

pleading rules.  See, e.g., Collins v. Colorado Dept. of Corrections, Civ. No. 08-cv-02657-WYD-KMT, 2010 WL 254959, 8 (D. Colo.  Jan. 15, 2010).

The defendants' first line of defense is a merits argument, establishing that Morin's constitutional rights were not violated while he was housed at MCC.  Relying upon Turner v. Safley, 482 U.S. 78 (1987) and Pell v. Procunier, 417 U.S. 817 (1974), coupled with an undisputed summary judgment record supported by the affidavits of Dawn Grass, classification officer at MCC, and Jeff Merrill, Deputy Superintendent of the MCC, the defendants have established that Morin did have access to many services while housed in the multi-purpose unit.  (See Doc. Nos. 43-1 & 43-2.) Morin was only housed in the unit temporarily because of a conflict with another inmate.  He was housed in the unit for his own safety until he could be placed in a different institution.  Any restrictions he suffered were brought about by the nature of protective custody.  (See Mot. Summ. J. at 8, Doc. No. 42.)[1]

The state defendants also point out that Morin's request for equitable relief is now moot and that his claim for compensatory damages is barred by 42 U.S.C. § 1997e(e).[2]  As there is no evidence of a constitutional deprivation on this record it is unnecessary to consider these arguments.  Further, if the Court were to do so, these defendants would clearly prevail on those aspects of the claim as well.

**Conclusion**

Based upon the foregoing I recommend that the court grant the defendants' motion and enter judgment for the defendants.

---

[1] The defendants' legal citations are as follow: French v. Owens, 777 F.2d 1250, 1256-1257 (7th Cir. 1985) ("To allow prisoners in protective custody to enjoy all of the same privileges to the same degree as those in the general population would eviscerate the nature of protective segregation."); Lovell v. Brennan, 566 F. Supp. 672, 691-692 (D. Me. 1983) (protective custody prisoners are not entitled to identical treatment as general population prisoners and former may be restricted due to nature of their confinement).

[2] Any claim for punitive damages was apparently abandoned in the settlement demand filed with the court and I see no reason to rehash the arguments pertaining to punitive damages which are well developed in the defendants' memorandum at pages 11 and 12.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

May 31, 2011